IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Mondragon,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Warden Flanagan, et al.,<br><br>　　　　Respondent. | No. CV 04-2758-PHX-MHM(CRP)<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

On November 11, 2004,[1] Petitioner Raul Mondragon filed a Petition for Writ of Habeas Corpus pursuant to Title 28, U.S.C. § 2254 ("Petition," Docket #1). Respondents filed an Answer to Petition for Habeas Corpus on April 21, 2005 ("Response," Docket #17).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Charles R. Pyle for a Report and Recommendation. The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order **denying** counts one through six of Petitioner's Petition for Writ of Habeas Corpus as moot due to the untimeliness of the petition.

---

[1] Petitioner Mondragon gave a prison official the petition on November 11, 2004. The federal mailbox rule deems a federal habeas petition filed when a pro se prisoner gives it to a prison official for mailing. *See e.g., Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001).

1    The Petitioner raised six grounds for habeas corpus relief, all of which fail and must be dismissed because the 28 U.S.C. § 2254 petition was filed untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). The AEDPA took effect on April 24, 1996, and contains a one-year statute of limitation for prisoners in state custody to file a federal petition for writ of habeas corpus. *Id.* The petitioner in the present case handed his petition to prison officials for filing on November 11, 2004, but the statute of limitations ran out on September 7, 2004. This report will briefly review how the calendar of the statute of limitations ran in this case and why equitable tolling is inapplicable.

## II. DISCUSSION

On April 24, 1997, a jury convicted the Petitioner of one count of burglary, three counts of kidnaping, three counts of armed robbery, four counts of aggravated assault, and one count of theft of property valued at more than $25,000 (Exhibit A, Respondents' Answer to Petition for Writ of Habeas Corpus). The trial court imposed 15-year, consecutive prison terms for each of the armed robbery convictions (*Id.*, Exhibit B, R.T. 8/29/97, at 15-18). The Petitioner was also sentenced to consecutive terms of 21 years, 15 years, and 15 years for each kidnaping conviction and 15 years for the burglary conviction (*Id.* at 16-18). The Petitioner filed a timely notice of appeal and the Arizona Court of Appeals affirmed the Petitioner's convictions and sentences on January 26, 1999 (*Id.* Exhibit A, R.O.A.). The Petitioner did not file a petition for review to the Arizona Supreme Court.

The Petitioner's first notice of post-conviction relief was filed on September 10, 1997 (*Id.*, Exhibit F). With advice from counsel, the Petitioner voluntarily dismissed this first, pro-se notice on January 15, 1998 (*Id.*, Exhibit G). The Petitioner then filed a subsequent notice of post-conviction relief on May 28, 1999, and filed his petition for post-conviction relief on June 20, 2002 (*Id.*, Exhibits H & J). Pursuant to Ariz. R. Crim. P. 32.6 (c), the trial court summarily dismissed the petition on October 23, 2002 (*Id.*, Exhibit K). On August 20, 2003, the Arizona Court of Appeals also summarily dismissed the petition, due to the Petitioner's

untimely filing (*Id.*, Exhibits L & M). The Arizona Supreme Court denied review on December 9, 2003 (*Id.*, Exhibit O).

The AEDPA one-year period of limitation runs from the later of two dates: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." USC § 2244(d)(1)(A). In this case, because the Petitioner failed to file a petition for review to the Arizona Supreme Court on direct appeal, the judgment of guilt is determined by the date that the Arizona Court of Appeals affirmed his conviction and sentences, January 26, 1999. Arizona R. Crim. P. 31.19 extends this date by providing a 30-day grace period to petition for review. Therefore, the judgment of guilt became final on February 25, 1999. From that day, the Petitioner had one year to file his federal petition for writ of habeas corpus, absent tolling.

Properly filed state post-conviction applications or other pertinent collateral review is not counted toward the period of limitation. USC § 2244(d)(2). In the present case, the Petitioner's withdrawal, rather than amendment, of his first state post-conviction petition was fatal to his habeas corpus claims. The AEDPA statute of limitations began running on February 25, 1999, because the petitioner did not have a pending application of post-conviction relief. The time period between the date that the statute of limitations began running and the date that the petitioner filed his second petition for post-conviction review amounts to a total of 92 days (February 25, 1999-May 28, 1999). The petitioner's habeas corpus petition was 75 days late. Had the petitioner amended, not withdrawn, the post-conviction petition, his habeas corpus petition would have been timely, with 17 days to spare.

Although equitable tolling is available under AEDPA's limitations period, such tolling is permitted "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir.1997), *quoted and rev'd on other grounds in Calderon v. United States District Court* (*Kelly*), 163 F.3d 530, 541 (9th Cir.1998) (en banc). Therefore, a causal connection must exist between the circumstances beyond a prisoner's control and the fact that the petition is delayed. The use of the word "extraordinary" is indicative of the high bar

- 3 -

the Ninth Circuit has set on the circumstances which call for equitable tolling. *See, e.g., Miles v. Prunty*, 187 F.3d 1104, 1107 (1999) ("equitable tolling is unavailable in most cases") *Beeler*, 128 F.3d at 1289 (stating that equitable tolling is applicable only when the "high hurdle" of extraordinary circumstances is surmounted). The contrast between *Beeler* and *Frye v. Hickman*, 273 F.3d 1144 (2001), exemplifies this bar. *Beeler* was a capital habeas corpus case where the court held that the statute was equitably tolled when the petitioner's attorney moved out of the state, an action that made it impossible for another attorney to file a petition within the statutory limitation period. 128 F.3d at 1288. This holding was underscored by the fact that in capital cases an indigent petitioner has a statutory right to counsel. 21 U.S.C. § 848(q)(4)(B). In *Frye*, a non-capital case, the Ninth Circuit concluded that defense counsel's miscalculation of the limitation period and general negligence did not constitute the "extraordinary circumstances" that call for equitable tolling. 273 F.3d at 1146 (*citing Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999)).

In the present case, the lawyer who wrote the Petitioner's post-conviction petition did not miscalculate the limitations period. The time taken by counsel in withdrawing rather than amending the petition is unfortunate but did not make it infeasible for the Petitioner to file the habeas corpus petition on time. Indeed, no causal relationship exists, and the lawyer's action did not constitute "extraordinary circumstances" that necessitate equitable tolling.

**CONCLUSION**

For the foregoing reason, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order **denying** the Petitioner's Petition for Writ of Habeas Corpus (Docket #1).

. . . . . . . .

. . . . . . . .

. . . . . . . .

. . . . . . . .

1   Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not filed on time, the party's right to *de novo* review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). If objections are filed, the parties should direct them to the District Court by using the following case number: CV 04-2758-PHX-MHM.

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

DATED this 27th day of February, 2006.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 5 -