**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Mondragon, | CV 04-2758-PHX MHM (CRP) |
| Petitioner, | **ORDER** |
| vs. | |
| Warden Flanagan, et al., | |
| Respondent. | |

Petitioner Raul Mondragon filed a Petition for Habeas Corpus pursuant to Title 28, U.S.C. § 2254 (Dkt. #1). The matter was referred to Magistrate Judge Charles R. Pyle for Report and Recommendation. Following Respondents' Answer, Magistrate Judge Pyle filed his Report and Recommendation with this Court. (Dkt. #35). Petitioner has filed his Objections (Dkt. #36).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

On April 24, 1997, petitioner was convicted of one count of burglary, three counts of kidnaping, three counts of armed robbery, four counts of aggravated assault, and one count of theft of property valued at more than $25,000. Petitioner was sentenced to consecutive terms of 15 years for the burglary conviction; 21 years, 15 years, and 15 years for the three kidnaping convictions; and 15 years for each of the robbery convictions. The Petitioner filed a timely notice of appeal and the Arizona Court of Appeals affirmed the Petitioner's convictions and sentences on January 26, 1999. The Petitioner did not file a petition for review to the Arizona Supreme Court.

Originally, after Petitioner's conviction he filed his first notice of post-conviction relief. (Respondents' Answer, Exhibit F). Petitioner voluntarily dismissed this pro se notice on January 15, 1998. (Id., Exhibit G). Petitioner did not assert his second notice of petition for post-conviction relief until May 28, 1999, and his petition for post-conviction relief was filed on June 20, 2002 (Id., Exhibit H, J). The trial court dismissed Petitioner's petition on October 23, 2002. (Id, Exhibit K). On August 23, 2003, the Arizona Court of Appeals dismissed the petition. (Id., Exhibit L,M). The Arizona Supreme Court denied review on December 9, 2003. (Id, Exhibit O). On November 11, 2004, Petitioner filed the present Petition for Writ of Habeas Corpus ("Federal Petition") pursuant to 28 U.S.C. § 2254. The Magistrate Judge concludes that based upon this time table, Petitioner's Federal Petition is untimely under AEDPA, 28 U.S.C. § 2244(d)(1)(A).

§ 2244(d)(1)(A) provides in pertinent part:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;...

Here, according to the Magistrate Judge, the date the judgment became final regarding Petitioner's direct appeal of his sentence was on February 25, 1999, 30 days subsequent to the Arizona Court of Appeals decision affirming Petitioner's sentence and conviction. See

Ariz.R.Crim.P 31.19 (providing a 30-day grace period to petition for review after the filing of decision). Petitioner on the other hand contends that the judgment did not become final until the date of the mandate, May 6, 1999. Petitioner relies on the two extensions granted to him by the Arizona Court of Appeals, which granted Petitioner up until April 30, 1999 to petition for review to the Arizona Supreme Court. (Petitioner's Objections to Report and Recommendation, p.2; Arizona Court of Appeals orders, 1 CA-CR 97-0728, dated February 17, 1999 and March 29, 1999).[1] Typically, the date of the mandate is not controlling in determining the date of the judgment. See Wixom v. Washington, 264 F.3d 894, 897-98 (9th Cir. 2001) (holding that Washington state rule made appeal final on issuance of decision); Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001) (California rule made decision 30 days after issuance of decision); White v. Klizkie, 281 F.3d 920, 924 n.1 (9th Cir. 2002) (absent rule to the contrary, date of decision not mandate controls). However, in this case, up almost until the date of the mandate, Petitioner was granted extensions of time to file his petition of review to the Arizona Supreme Court. Section 2244(d)(1)(A) of the AEDPA expressly states that the limitation period will run from the latest of the date on which the judgment became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>. (Emphasis added). Here, the expiration date for seeking such review was April 30, 1999, not the February 25, 1999 date upon which the Report and Recommendation relies. In applying this date as the determinative date to start the clock regarding the one-year limitation period, Plaintiff's petition for writ of habeas corpus becomes timely to the day. From April 30, 1999, the last date of extension given by the Arizona Court of Appeals to May 28, 1999, the date Petitioner filed his second notice of post-conviction relief, 28 days expired. From December 9, 2003, the date the Arizona Supreme Court denied review of his

---

[1] The orders from the Arizona Court of Appeal granting Petitioner until April 30, 1999 to petition for review to the Arizona Supreme Court were not submitted as part of the record by either party, thus it appears that the Magistrate Judge was not aware that these extensions were granted. In fact, Petitioner did not expressly cite these extensions until the filing of objections to the Report and Recommendation.

- 3 -

1 second petition, to November 11, 2004, 338 days expired.  Although, the number of days
2 totals 366 days, the extra day is attributable to the fact the year of 2004 was a leap year.  In
3 making the determination of the beginning and ending of the limitation period, this Court is
4 to use the calendar method. United States v. Marcello, 212 F.3d 1005, 1008-1010 (7th Cir.
5 2000), *cert denied*, 531 U.S. 878 (2000).  Thus, here, Petitioner's petition was denied on
6 December 9, 2003.  His petition to this Court was delivered on November 11, 2004, which
7 is 28 days prior to the calendar deadline.  When taking into consideration the 28 days that
8 expired between the expiration of time to file a petition of review to the Arizona Supreme
9 Court and the filing of his second notice of petition for post-conviction relief in state court,
10 Petitioner's petition becomes timely to the very day, November 11, 2004.  See Id. at 1010
11 (stating that anniversary date will be last day to file even when intervening period includes
12 the extra leap year day).

13 As such, Petitioner's petition to this Court is timely under the AEDPA's one-year
14 limitation period making a review of the Petition upon the merits appropriate.

15 **Accordingly,**

16 **IT IS HEREBY ORDERED** that the Court declines to adopt the Magistrate Judge's
17 Report and Recommendation regarding the issue of timeliness.  (Dkt.#35).

18 **IT IS FURTHER ORDER** remanding this matter to the Magistrate Judge for a
19 decision on the merits of Petitioner's habeas corpus petition.

20 **IT IS FURTHER ORDERED** sustaining Petitioner's objection to the Report and
21 Recommendation on the issue of timeliness.  (Dkt.#36).

22 **IT IS FURTHER ORDERED** that Petitioner's Motion for status is granted to the
23 extent that this Order informs Petitioner of the status of his Petition.  (Dkt.#29).

24 DATED this 7th day of July, 2006.

Mary H. Murguia
United States District Judge