1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Raul Mondragon,                    )    CV 04-2758-PHX-MHM (CRP)
                                         )
10                  Petitioner,          )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Warden Flanagan, et al.,            )
13                                       )
                    Respondent.          )
14                                       )
     _____)

15

16          Petitioner Raul Mondragon filed a Petition for Habeas Corpus pursuant to Title 28,

17   U.S.C. § 2254 (Dkt. #1).   The matter was referred to Magistrate Judge Charles R. Pyle for

18   Report and Recommendation. On February 27, 2006, the Magistrate Judge issued a Report

19   and Recommendation recommending that Petitioner's claims be denied as untimely.

20   (Dkt.#35). The Petitioner filed his objection to the Report and Recommendation on March

21   13, 2006. (Dkt.#36).  This Court declined to adopt the Report and Recommendation because

22   it determined that Plaintiff's claims were timely under 28 U.S.C. § 2244(d)(1).  As such, the

23   Court referred the matter back to the Magistrate Judge for a review upon the merits of the

24   Petition.  (Dkt.#38).  On April 27, 2007, the Magistrate Judge issued his current Report and

25   Recommendation recommending that the Petition be dismissed.  (Dkt.#40).  The Petitioner

26   has not filed any objection.

27

28

1

**STANDARD OF REVIEW**

2      The district court must review the Magistrate Judge's findings and recommendations

3  de novo if objection is made but not otherwise.  United States v. Reyna-Tapia, 328 F.3d

4  1114, 1121 (9th Cir. 2003)(en banc).  See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court

5  shall make a de novo determination of those portions of the report or specified proposed

6  findings or recommendations to which objection is made"). "Failure to object to a magistrate

7  judge's recommendation waives all objections to the judge's findings of fact."  Jones v.

8  Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

9

**DISCUSSION**

10      On April 24, 1997, petitioner was convicted of one count of burglary, three counts of

11  kidnaping, three counts of armed robbery, four counts of aggravated assault, and one count

12  of theft of property valued at more than $25,000.  Petitioner was sentenced to consecutive

13  terms of 15 years for the robbery conviction; 21 years, 15 years, and 15 years for the three

14  kidnaping convictions; and 15 years for each of the robbery convictions.  The Petitioner filed

15  a timely notice of appeal and the Arizona Court of Appeals affirmed the Petitioner's

16  convictions and sentences on January 26, 1999.  The Petitioner did not file a petition for

17  review to the Arizona Supreme Court.

18      Petitioner filed a petition for post-conviction relief in state court on June 20, 2002.

19  The petition was summarily denied by the trial court pursuant to Rule 32.6(c) Ariz.R.Crim.P.

20  (Respondents' Answer to Petition, Exhibit K).  On August 20, 2003, the Arizona Court of

21  Appeals dismissed Petitioner's "Motion to File Late Petition for Review" as untimely. (Id.,

22  Exhibit M).  On December 9, 2003, the Arizona Supreme Court denied review of the

23  Petitioner's petition of review. (Id., Exhibit O).

24      On November 11, 2004, Petition filed the instant Petition raising five claims.

25  Respondents answered on April 21, 2005, asserting that the Petition was untimely.  On

26  August 18, 2005, Petitioner moved to supplement the Petition and the request was granted

27  by the Magistrate Judge. (Dkt.#28).  After the District Court declined to adopt the Magistrate

28  Judge's February 27, 2006, Report and Recommendation the matter was referred back to the

1   Magistrate Judge for a review on the merits. The current Report and Recommendation filed

2   on April 27, 2007, recommends that the Petition be dismissed on the basis that claims one

3   through five are procedural defaulted and claim six is without merit. As noted above, the

4   Petitioner has not filed any objection to the Magistrate Judge's findings.

5           In reviewing the Report and Recommendation and the record herein, the Court is in

6   agreement with the Magistrate Judge that claims one through of the five of the Petitioner are

7   procedurally defaulted. With respect to claims one, three, and five Petitioner failed to apprise

8   the state courts that he was making these claims under the U.S. Constitution by describing

9   both the operative facts and the federal legal theory on which his claims were based in order

10  to allow the state courts a fair opportunity to apply controlling legal principles to the facts

11  bearing upon his constitutional claims. See Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir.

12  2005). Moreover, with respect to claims two and four, Petitioner's claims are procedurally

13  defaulted because federal courts will not consider issues of federal law on direct review from

14  a judgment of a state court if that judgment rests on state-law grounds that are "independent"

15  of the merits of the federal claim and an "adequate" basis for the court's decision. Coleman

16  v. Thompson, 501 U.S. 722, 729 (1991). Both of these grounds were denied as untimely by

17  the state courts which is both "independent" and "adequate" to support a procedural default

18  determination.

19          In addition, as noted by the Magistrate Judge, claims that are procedurally defaulted

20  will not be considered unless the Petitioner can demonstrate cause for the default and actual

21  prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to

22  consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S.

23  at 750. No such circumstances have been raised in this case. As such, the Court will dismiss

24  claims one through five on grounds of procedural default.

25          Lastly, the Court will also dismiss Petitioner's sixth claim for relief. Specifically,

26  Petitioner argues that his conviction runs afoul of United States v. Booker, 543 U.S. 220

27  (2005) and Blakely v. Washington, 542 U.S. 296 (2004). However, the Court need not visit

28

1  this issue since the Petitioner's conviction came long before the holding in <u>Booker</u> and

2  <u>Blakely</u> and neither is applied retroactively.

3     **Accordingly,**

4     **IT IS HEREBY ORDERED** adopting in full the Report and Recommendation of the

5  Magistrate Judge. (Dkt.#40).

6     **IT IS FURTHER ORDERED** that Petition for Writ of Habeas Corpus is denied and

7  dismissed with prejudice.

8     **IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

9     DATED this 22nd day of May, 2007.

10

11

12  _____

13  Mary H. Murgula
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28